

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-1191
Re: Officers' Salary Law - County Attorney

This department is in receipt of your letter of July 26, 1939, wherein you request our opinion upon the question of the amount of salary you are entitled to as County Attorney under the Officer's Salary Law. We quote from your letter as follows:

"Article 3912e, subsection 15, among other things provides: 'each of said officers shall be paid in money an annual salary in twelve equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under the law existing on August 24, 1935.' I notice that in your opinion O-409, conference opinion 3035, you have ruled that fees were earned by an officer upon final judgment and in construing the statute it was immaterial whether the defendant served his time out in jail or paid his fine. Taylor County has a population of 41,023 according to the last Federal Census.

"Article 3883, subsection 5, was the law in force on August 24, 1935, and reads as follows:

'In counties containing as many as thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, or containing a city of over twenty-five thousand (25,000) inhabitants: County Judge, District

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Esco Walter, page #2

or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Thirty-five Hundred ($3500.00) Dollars each; Justice of the Peace and Constable, Eighteen Hundred ($1800.00) Dollars each.'

"Also Article 3891, the fourth paragraph of which reads as follows:

'In counties containing as many as thirty-seven thousand, five hundred and one (37,501), or containing a city of over twenty-five thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Forty-two Hundred and Fifty ($4250.) Dollars. Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-two Hundred ($2200.) Dollars.'

"Was also the law in force at that time, making the maximum income for such officer $4850:

"In 1935 I earned $5401.19, and collected of this amount $3199.50, leaving fees uncollected for 1935 at $2361.69. My construction of the above statutes and the above opinion referred to it is my opinion that my salary should be $4133.36 per year. The salary having been arrived at by taking $3500. as provided in section 3 of Art. 3883 and subtracting said amount from the fees earned which amount to $1901.19, and retaining one-third of said excess fees, which amount to $633.36, and by adding excess fees allowed under said statute of $633.36 to $3500. which amounts to $4133.36."

Opinion No. O-469 (Conference Opinion No.3053) of this department holds that the Commissioners' Court

Hon. Esco Walter, page #3

in fixing the minimum salaries of County Attorneys under the officer's salary bill (art. 3912e) V.A.C.S.) should consider fees "earned" by the officer in 1935 rather than fees "collected" in that year. This opinion further holds that misdemeanor fees become "earned" upon final judgment, irrespective of whether or not defendant served time in jail and that article 1055 of the Code of Criminal Procedure, relating to half fees to officers in certain cases, has no application in this connection.

Opinion No. O-744 of this department holds that in determining "the total sum earned as compensation for the year 1935", for the purpose of arriving at the minimum fee to be paid the County Attorney, that the Commissioners' Court should deduct from the total compensation earned, collected and uncollected, the expenses for the office for the year 1935, which were legally allowed by the Commissioners' Court for that year.

We quote from article 3891 as follows:

"Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of article 3883, together with the salaries of his assistants and deputies, and authorized expenses under article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law." * * * "

We quote from opinion No. O-744 as follows:

"There was no provision of the statute guaranteeing the officer he should first receive the amount allowed under the provisions of article 3883, so the officer had to pay authorized expenditures out of the funds coming into his hands, irrespective of whether the amount mentioned in the article was earned or collected. Therefore, the "total sum earned as compensation by him" was the net total earned after payment of his authorized expenses.

Hon. Esco Walter, page #4

The Legislature did not stipulate 'earned by
the office' but rather _'earned by him'._"

On December 3, 1937, this department held, in
an opinion written by Hon. James N. Neff, Assistant At-
torney General, addressed to Mr. Wm. J. Fanning, County
Attorney, Hopkins County, Texas, that in arriving at
the correct minimum to be paid county officers under
the salary bill that the court should consider the
amount of fees earned nd uncollected, as well as fees
collected for the year 1935. This opinion further held
that an ex-officio salary paid to the officer for the
year 1935 should be considered in arriving at the cor-
rect minimum to be paid such officer.

On January 17th, 1936, this department, in an
opinion written by Hon. Joe J. Alsup, Assistant Attorney
General, addressed to Mr. R.C. Musselwhite, County At-
torney, Lufkin, Texas, passed upon a question very sim-
ilar to your question. We quote from that opinion as
follows:

"You wish to be advised as to the correct
method for computing the amount of fees which
you are entitled to as County Attorney for the
year 1935. In order to properly answer your
question it is necessary that we call your at-
tention to Article 3891, Revised Civil Statutes,
1925, reading, in part, as follows:

"'Each officer named in this chapter shall
first, out of the current fees of his office
pay or be paid the amount allowed him under the
provisions of Article 3883, together with the
salary of his assistants and deputies, and au-
thorized expenses under Article 3899, and the
amount necessary to cover costs of premium on
whatever surety bond may be required by law.
If the current fees of such office collected
in any year be more than the amount needed to
pay the amounts above specified, same shall
be deemed excess fees, and shall be disposed
of in the manner hereinafter provided.'

"The writer construes the above article

as follows:  The various county and district officials should first pay themselves and the salary of their assistants and deputies, as well as authorized expenses.  After doing so, if said official has obtained the maximum provided by law, he may retain one-third of all excess fees until he has retained the full maximum required by law."

You do not state in your letter whether or not the salaries of your assistants, if any, and all authorized expenses of your office, for the year 1935, have been deducted from the amount of your gross earnings for the year 1935.

If the sum of $5401.19 represents the amount earned by you as county attorney in the year 1935, after deducting salaries of assistants, if any, and authorized expenses of office, for the year 1935, then in that event, you are correct in your construction of the law and your salary should be $4133.36.

If, however, salaries of your assistants, if any, and authorized expenses, have not been deducted from the total of your gross earnings, then the same should be deducted, and the same rule of construction be applied in determining the amount of your salary. For example, if salaries of your assistants, if any, and authorized expenses of office, for the year 1935, amounted to $1500.00 (Fifteen Hundred Dollars), and the gross earnings of your office were $5401.19, then it would be proper to deduct $1500.00 from $5401.19, making the sum of $3901.91, which would be the amount earned by you, not by the office.  Your first maximum of $3500.00 would be deducted from your total earnings of $3901.19, leaving a balance of $401.19, as excess fees. The $401.19 excess fees would be divided by three and you would be entitled to one-third of these fees, to-wit; the sum of $133.73.  This amount added to $3500.00 would be $3633.73, the amount of salary you would be entitled to under such conditions.

We enclose, herewith, copies of opinions Nos: O-409 (Conference Opinion No. 3053) and O-744.

Hon. Esco Walter, page #6

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WmJF:ob

APPROVED AUG 7, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN